UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-61752-Dimitrouleas/Snow

VENUS FASHION, INC.,

    Plaintiff,

vs.

CHANGCHUN CHENGJI TECHNOLOGY
CO., LTD.
AUKEY INTERNATIONAL LIMITED, and
AUKEY E-BUSINESS CO., LTD.,

    Defendants.
_____/

**Plaintiff's Emergency Motion For An Order Authorizing Alternate Service Of Process
On Defendants To Meet Court Ordered August 22 Deadline
And Memorandum Of Law In Support Thereof**

| **DYKEMA GOSSETT PLLC** | **AKERMAN LLP** |
|---|---|
| Allan Gabriel<br>*Admitted Pro Hac Vice*<br>333 South Grand Avenue<br>Suite 2100<br>Los Angeles, CA 90071<br>Telephone: 213-457-1800<br>Facsimile: 213-457-1850<br>agabriel@dykema.com | David Otero<br>Florida Bar No. 651370<br>david.otero@akerman.com<br>50 N. Laura Street, Suite 3100<br>Jacksonville, FL 32202<br>Telephone: (904) 798-3700<br>Facsimile: (904) 798-3730 |
| Aaron D. Charfoos<br>*Admitted Pro Hac Vice*<br>10 S. Wacker Drive<br>Suite 2300<br>Chicago, IL 60606<br>Telephone: (312) 876-1700<br>Facsimile: (312) 876-1155<br>acharfoos@dykema.com<br>*Attorneys for Plaintiff Venus Fashion, Inc.* | Peter A. Chiabotti<br>Florida Bar No. 0602671<br>peter.chiabotti@akerman.com<br>777 South Flagler Drive<br>Suite 1100, West Tower<br>West Palm Beach, FL 33401<br>Telephone: (561) 653-5000<br>Facsimile: (561) 659-6313<br>*Attorneys for Plaintiff Venus Fashion, Inc.* |

{38984964;3}

**TABLE OF CONTENTS**

**Page**

I.    STATEMENT OF FACTS ................................................................................................2
   A.   Defendants Have Avoided Communications Sent to the Alleged Public Physical Address but Have Provided a Valid E-mail Address. ...................................................2
   B.   In addition to Changchun, The Other Defendants Also Operate Vessos.com. .............4
   C.   Defendants Rely Solely on Electronic Communications. .............................................5
   D.   Plaintiff's Alternative Service and Current Attempts at Alternative Service Upon Defendants. .....................................................................................................................5
   E.   Attack on Plaintiff's Website ........................................................................................6
II.   ARGUMENT ..................................................................................................................6
   A.   An Order Authorizing Alternate Service of Process on Defendants Is Appropriate.....7
      1.   The Court may Authorize Service via Email and Publication. ................................7
      2.   E-mail and Publication Service Are Not Prohibited by International Agreement...11
      3.   E-mail and Publication Service Are Not Prohibited by International Law.............12
III.  CONCLUSION .............................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Broadfoot v. Diaz*,
   245 B.R. 713 (N.D. Ga. 2000) ................................................................................ 8, 10, 11

*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004)............................................................................................13

*Brookshire Brothers, Ltd. v. Chiquita Brands International*, 05-CIV-21962,
   2007 WL 1577771 (S.D. Fla. 2007) ..................................................................................9

*MPS IP Services Corp. v. Modis Communications, Inc.*,
   No. 3:06-CV-270-VMC-HTS, 2007 U.S. Dist. LEXIS 15637 (M.D. Fla.
   March 6, 2007) ................................................................................................................13

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306, 314(1950) .............................................................................................9, 12

*National Association for Stock Car Auto Racing, Inc. v. Does*,
   584 F.Supp.2d 824 (W.D. N.C. 2008)..............................................................................12

*Popular Enterprises LLC v. Webcom Media Group, Inc.*,
   225 F.R.D. 560 (E.D. Tenn. 2004).................................................................... 10, 11, 13

*Prewitt Enters. v. OPEC*,
   353 F.3d 916 (11th Cir. 2003)........................................................................................8, 9

*Rio Props. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002)................................................................................ 8, 9, 10

**RULES**

Fed. R. Civ. P. 4 ........................................................................................................... passim

Fed. R. Civ. P. 65 .................................................................................................................12

**DISTRICT COURT ORDERS**

*Chanel v. Does 1-10*, Case No. 1:09-cv-22943-JAL (S.D. Fla. Feb. 20, 2010) ......................11

*Chanel v. Lee*, Case No. 10-cv-60690-WPD (S.D. Fla. June 18, 2010) ................................11

*Chanel et al v. Lee*, Case No. 10-cv-60384-JAL (S.D. Fla. June 8, 2010)..............................11

*Chanel, Inc. v. Jin*, Case No. 10-cv-60070-JIC (S.D. Fla. April 12, 2010) ............................ 11

*Chanel, Inc. v. Li*, Case No. 10-cv-60734-PCH (S.D. Fla. June 18, 2010) ............................ 11

*Chanel, Inc. v. Liu Zhixian*, Case No. 10-cv-60585 (S.D. Fla. April 21, 2010) ..................... 12

*Chanel, Inc. v. Zhiqing*, Case No. 10-cv-60382-AJ (S.D. Fla. June 3, 2010) ........................ 11

*Gaffigan v. Jia De*, Case No. 09-cv-61206-JAL (S.D. Fla. January 11, 2010) ...................... 11

*Gucci American, Inc. v Does 1-10*, 10-cv-60328-JAL (S.D. Fla. July 5, 2010) .................... 11

*Louis Vuitton Malletier, S.A. v. Does 1-10*, No. 1:09-cv-23618-JAL (S.D. Fla. March 30, 2010) ................................................................................................................ 11

*Louis Vuitton Malletier, S.A., v. Zhou Guodong*, Case 0:10-cv-60350-ASG 1 ...................... 10

**INTERNATIONAL CASES AND STATUTES**

Civil Procedure Law of the People's Republic of China ....................................................... 13

Article 1 of the Hague Convention. ....................................................................................... 13

**INTRODUCTION**

Plaintiff Venus Fashion, Inc. ("Venus") hereby moves for an order authorizing service of the Summonses, Complaint, all other documents filed with or issued by the Court, and any discovery, upon Defendants via e-mail and publication pursuant to Federal Rule of Civil Procedure 4(f)(3). Fed. R. Civ. P. 4(f)(3) (2015). To comply with the Court's August 12 Order requiring the Ex Parte Temporary Restraining Order ("TRO")(Dkt. No. 14) to be served on Defendants in China by Monday, August 22, Plaintiff files this motion on an emergency basis.[1]

As the Court is already aware by granting the TRO, Venus filed suit against Defendants based in China for copying and using Venus's photographs and images to promote, sell, offer for sale, or distribute Defendants' products within this Judicial District through a fully interactive commercial Internet website, www.vessos.com.  Although Venus is requesting leave for alternative service, Vessos is already well aware of the suit because it contacted the undersigned counsel about the suit within 30 minutes of vessos.com being redirected to www.venuscopyrightenforcement.com/vessos.

Defendants conduct their business entirely via electronic communications. Moreover, Defendants are located in the People's Republic of China and there is a substantial likelihood that if Plaintiff is required to serve Defendants by traditional methods that Defendants will transfer the domain name hosting the infringing images and remove assets from this judicial district. Venus requests that this Court permit Plaintiff to serve by alternative means as an effective and equitable alternative to traditional service.

---

[1] Venus also requests an expedited ruling because, in apparent retaliation to the TRO, Venus's website www.venus.com was forced offline by a cyber-attack of currently unknown origin within less than 12 hours of implementing the TRO.

First, the customer service e-mail address Defendants use in conducting business has been determined to be a current and reliable means by which Defendants may be apprised of the pendency of this action. Vessos initial responded to emails sent by Venus to services@vessos.com. Then, Defendants confirmed domain@aukeys.com is working and contacted the undersigned from tongwenping@aukeys.com within 30 minutes of vessos.com being redirected to www.venuscopyrightenforcement.com/vessos in accordance with the TRO.

Second, Venus created a publication website at www.venuscopyrightenforcement.com/vessos and posted a copy of the Complaint, the TRO motion, and all other pleadings and orders in this case on the website. This is the website that prompted Defendants to contact the undersigned. Venus respectfully submits that an order allowing service of process, and all subsequent pleadings and discovery, via e-mail and publication in this case will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously. Absent the ability to serve Defendants by e-mail and publication, Venus will almost certainly be left without the ability to pursue a timely remedy.

I.  **STATEMENT OF FACTS**

   A.  **Defendants Have Avoided Communications Sent to the Alleged Public Physical Address but Have Provided a Valid E-mail Address.**

Vessos' website lists no physical address or phone number to contact the company. Ex. 1, Declaration of Aaron Charfoos in Support of Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants ("Charfoos") at ¶ 2, Ex. A. Instead, the only way to contact Vessos is by using an email address, service@vessos.com or by sending a message through Vessos' Facebook page. *Id.* The service@vessos.com email address is functioning. On March 23, 2016, Venus sent an email to that address notifying Vessos that its website had a photograph

which appeared to be identical to one of Venus's copyrighted images. Ex. 2, Declaration of Robin Sheffler in Support of Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants ("Sheffler") at ¶ 1, Ex. A. "Jessie" from Vessos responded by asking for the copyright registration information, which Venus provided. *Id.* However, "Jessie" did not respond to further correspondence and the images were not removed. *Id.*

Given the lack of response, Venus sought additional means to contact Vessos. First, according to the United States Patent and Trademark office records, the owner of the Vessos trademark is Changchun Chengji Technology Co., Ltd. ("Changchun") with an address listed as:

> Changchun Chengji Technology Co., Ltd.
> Room 601, 6/F, Building D, No. 155
> Jinhe Street
> Gaoxin District
> Changchun China

Charfoos at ¶ 3, Ex. B.

In addition, Changchun holds a number of U.S. trademarks. The registration and application information in the United States Patent and Trademark Office lists three contacts in the United States for all of Changchun's trademarks. They are:

> Yanling Jiang
> Ziliak Law, LLC
> 141 W Jackson Blvd Suite 4048
> Chicago, IL 60604
>
> Zhou Emei
> 616 Corporate Way, Suite 2-5451
> Valley Cottage, NY 10989
>
> Anthea Lee
> 10685B Hazelhurst Dr. #9123
> Houston, TX 77043-3238

Charfoos at ¶ 4, Ex. B.

On June 3, 2016, counsel for Venus sent a second correspondence to Vessos identifying approximately 92 photographs on the vessos.com website that appeared to be identical to the Venus copyrighted Images. Charfoos at ¶ 5, Ex. C. The letter was sent to the physical address listed for Changchun and all of its known U.S. counsel along with emails to the service@vessos.com email address and the email addresses for all three U.S. counsel. *Id.* Venus received no "undeliverable" messages for the email communications. Charfoos at ¶ 5. However, Venus received no response to its emails and Federal Express notified Venus that the letter sent to the physical address for Changchun had been declined to be accepted. *Id*. The only response that Venus received was from the office of Ms. Yanling Jiang who stated that Ms. Jiang did not represent Vessos in this matter and asked counsel for Venus to contact Vessos directly using the email address listed on the website. *Id*.

**B.     In addition to Changchun, The Other Defendants Also Operate Vessos.com.**

Venus also engaged an investigator, Robert Jackson and Associates, Inc., (the "Investigator") to obtain more information about Vessos and any related companies. Charfoos ¶ 6. The Investigator purchased an item from the vessos.com website. Charfoos ¶ 6, Ex. D. Based on that transaction, the Investigator determined that payment to PayPal was credited to Aukey International Limited (digital.store072010@gmail.com) and the PayPal website states that orders are "processed from Shenzhen Aukey E-Business Co., Ltd in China South City, Pinghu Town, Longgang District, Shenzhen, Guangdong, China." Charfoos at ¶ 6, Ex. E. According to Whois.com, Shenzhen Aukey E-Business Co., Ltd., also appears to be the registrant of Vessos.com, not Changchun the actual trademark holder. Charfoos at ¶ 7, Ex. F.  All physical addresses for Aukey are similarly located in China. *Id.*

### C. **<u>Defendants Rely Solely on Electronic Communications.</u>**

Defendants have structured the vessos.com website so that the sole means for customers to purchase their goods is by placing an order over the Internet. Charfoos at ¶ 8. Defendants appear to take and confirm orders solely through the website and answer inquiries and provide shipping notices only via e-mail. *Id.* Furthermore, Defendants instruct customers to contact Vessos via e-mail with any questions or concerns. *Id*. Accordingly, Defendants do not provide any valid physical addresses or even operational phone numbers where customers can contact them or locate their business. *Id.*

### D. **<u>Plaintiff's Alternative Service and Current Attempts at Alternative Service Upon Defendants.</u>**

Due to the Court's order that the Temporary Restraining Order must be served by August 22, 2016 (Dkt. No. 14), Plaintiff is serving Defendants through the alternative methods (*i.e.*, email and website publication) requested herewith, as indicated in the certificate of service.

Plaintiff's emails have been and are working. In addition to the March 2016 email with service@vessos.com described above, Defendants communicated using [tongwenping@aukeys.com](tongwenping@aukeys.com) and [domain@aukeys.com](domain@aukeys.com) on Monday, August 15. Plaintiff's counsel received an email from [tongwenping@aukeys.com](tongwenping@aukeys.com) from a person named "Jason" stating that Vessos website had been locked and disabled due to "the case of copyright with venus.com." See Ex. 2, Declaration of Peter Chiabotti at 2, Ex. A. This email from "Jason" was part of a chain that included an email from GoDaddy to [domain@aukeys.com](domain@aukeys.com) notifying Defendants that vessos.com was locked and disabled. *Id*. at 3. Notably, Defendants responded in ***under 30 minutes***. *Id*.

On August 15, 2016 and since, Plaintiff also served Defendants with all pleadings and orders via publication on Plaintiff's Internet website at www.venuscopyrightenforcement.com/vessos/. Chiabotti Decl. at 3.

### E. Attack on Plaintiff's Website

On August 15, 2016, and less than 12 hours after vessos.com was redirected to www.venuscopyrightenforcement.com/vessos in accordance with the TRO, Plaintiff's website, www.venus.com, was maliciously forced offline by a cyber-attack of currently unknown origin. Sheffler Decl. at ¶ 3. Because the attack occurred within hours of the re-direct, Plaintiff is continuing to comb through the data to find evidence directly linking Defendants. However, Plaintiff has serious concerns that without alternative service to expeditiously advance this matter, Plaintiff may suffer additional retaliatory attacks if forced to serve via traditional means.

### F. Additional Efforts Are Underway Beyond The Alternative Service Requested

In addition to the alternative service requested, Plaintiff mailed all pleadings and orders to Defendants via certified mail, return receipt requested, to all addresses that Plaintiff identified for Defendants. Charfoos at ¶ 2.

## II. ARGUMENT

All prior attempts to stop Defendants' willful infringement of the Venus Copyrights have been ineffective. Therefore, Plaintiff sought and was granted a TRO to immediately stop the Defendants' infringement and prevent the Defendants from defeating the jurisdiction by this Court by transferring the vessos.com domain name and Defendants' assets after the filing of this lawsuit. First, an order for alternate service is fundamentally fair because it replicates the way that Defendants have elected to conduct their business. Defendants are Chinese companies that have elected to conduct their business solely through electronic communications. Moreover, even though Plaintiff has been awarded a temporary restraining order, that order, which must be

served on Defendants by August 22, 2016, will be ineffective if Plaintiff must try to serve Defendants in China by traditional means. Therefore, this Court should award Plaintiff's request for alternate service.

### A. An Order Authorizing Alternate Service of Process on Defendants Is Appropriate.

Pursuant to Federal Rule of Civil Procedure 4(f)(3), a district court may order an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. Fed. R. Civ. P. 4(f)(3) (2015). In the instant matter, alternate service of process via e-mail and publication is appropriate given that Defendants have established an Internet-based business in which they rely solely on electronic communications for their operation and because there is a substantial risk that Defendants will attempt to avoid the Court's jurisdiction otherwise.

#### 1. The Court may Authorize Service via Email and Publication.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process to be made on an individual in a foreign country by any means not prohibited by international agreement as the Court directs. *Prewitt Enters. v. OPEC*, 353 F.3d 916, 923 (11th Cir. 2003); *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. *See Prewitt Enters.*, 353 F.3d at 921; *Rio Props.*, 284 F.3d at 1116; *see, e.g.*, *Broadfoot v. Diaz*, 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service for a particular case). Rule 4 does not require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.*, 284 F.3d at

1114-15; *see also Brookshire Brothers, Ltd. v. Chiquita Brands International*, 05-CIV-21962, 2007 WL 1577771, at *1 (S.D. Fla. 2007).

In *Brookshire*, the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4 (f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Brookshire*, 2007 WL 1577771, at *2. Judge Cooke went on to hold that, "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." *Id.* (citing *Rio Props.* F.3d at 1015).

Additionally, the method of service of process "must also comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1016; *see also Prewitt Enters.*, 353 F.3d at 927. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present his objections.'" *Rio Props.*, 284 F.3d at 1016 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The Ninth Circuit, in *Rio Props.*, held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Rio Props.*, 284 F.3d at 1017. The Court concluded "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]." *Rio Props.*, 284 F.3d at 1017. The Court reached this conclusion in part because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-

mail. *See, e.g., Broadfoot*, 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."). Here, service on Defendants by e-mail will satisfy due process by apprising them of the action and giving them the opportunity to answer Venus's claims.

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when the plaintiff is unable to personally serve the defendant at a physical address and has proven that e-mail is the most effective means of providing the defendant notice of the action. *See Rio Props.*, 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."); *see also Popular Enterprises LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts.") (citation omitted). The courts in both cases determined e-mail service to be appropriate in part because, as in this case, the defendants conducted their business over the Internet, used e-mail regularly in their business, and encouraged parties to contact them via e-mail.

Likewise, in cases factually similar to this one, a number of courts have held that alternate forms of service pursuant to Rule 4(f)(3), including e-mail service, are appropriate and

may be the only means of effecting service of process "when faced with an international e-business scofflaw." *See Popular,* 225 F.R.D. at 563 (finding that service of process by e-mail was reasonably calculated to apprise defendant of the action and give it an opportunity to respond); *Broadfoot*, 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party." (concluding e-mail and facsimile service to be appropriate)); *Gucci American, Inc. v Does 1-10*, 10-cv-60328-JAL (S.D. Fla. July 5, 2010) (Order allowing e-mail service); *Chanel v. Lee*, Case No. 10-cv-60690-WPD (S.D. Fla. June 18, 2010) (same); *Chanel, Inc. v. Li*, Case No. 10-cv-60734-PCH (S.D. Fla. June 18, 2010) (same); *Chanel et al v. Lee*, Case No. 10-cv-60384-JAL (S.D. Fla. June 8, 2010) (same); *Chanel, Inc. v. Zhiqing*, Case No. 10-cv-60382-AJ (S.D. Fla. June 3, 2010) (same); *Chanel, Inc. v. Jin*, Case No. 10-cv-60070-JIC (S.D. Fla. April 12, 2010) (same); *Gaffigan v. Jia De*, Case No. 09-cv-61206-JAL (S.D. Fla. January 11, 2010) (Order allowing e-mail service); *Louis Vuitton Malletier, S.A. v. Does 1-10*, No. 1:09-cv-23618-JAL (S.D. Fla. March 30, 2010) (same); *Chanel v. Does 1-10*, Case No. 1:09-cv-22943-JAL (S.D. Fla. Feb. 20, 2010) (same); *Louis Vuitton Malletier, S.A., v. Zhou Guodong*, Case 0:10-cv-60350-ASG (S.D. Fla. May 27, 2010) (same). Venus submits that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process.

Additionally, service of a defendant via publication on a website has been deemed an appropriate means of service by publication. *National Association for Stock Car Auto Racing, Inc. v. Does*, 584 F.Supp.2d 824, 826 (W.D. N.C. 2008); *see also Chanel, Inc. v. Liu Zhixian*, Case No. 10-cv-60585 (S.D. Fla. April 21, 2010). A proposed method of publication need only

be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *National*, 584 F. Supp. 2d at 826 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315-16, 70 S. Ct. 652, 94 L.Ed. 865 (1950)). In *National Association for Stock Car Auto Racing, Inc. v. Does*, the United States District Court for the Western District of North Carolina determined that Plaintiff could serve "Doe" defendants and apprise those defendants of a pending preliminary injunction hearing via publication on the plaintiff's website. *Id.*

Venus submits it is reasonable to conclude that Defendants are highly likely to visit their own websites and, therefore, publication on those websites through redirection to http://Venuscopyrightenforcement.com/Vessos/ is highly likely to reach Defendants and any other interested parties. In fact, here, Defendants are already well aware that vessos.com was redirected to www.venuscopyrightenforcement.com/vessos/ as they contacted the undersigned counsel via email within 30 minutes of the redirect. Accordingly, publication of the Summonses, Complaint, and TRO on Defendants' own websites would provide publication notice to Defendants sufficient to meet the due process requirements for service of process and notice pursuant to Federal Rules of Civil Procedure 4 and 65, respectively, apprise Defendants of the pendency of the action, and afford them an opportunity to present their objections.

      2.    <u>E-mail and Publication Service Are Not Prohibited by International Agreement.</u>

As noted above, prior to filing this Motion, Venus diligently investigated Defendants' addresses and attempted to contact Defendants without success. However, Venus has good cause to suspect Defendants are located in China. The United States and the People's Republic of China are both signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Convention"). Though it does not

expressly authorize e-mail service, the Hague Convention does not preclude e-mail service, and thus, is no bar to court-directed e-mail service under Rule 4(f)(3). Fed. R. Civ. P. 4(f)(3). In fact, U.S. Courts have routinely authorized international mail and e-mail service notwithstanding the applicability of the Hague Convention. *See, e.g.*, *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004) ("We join the Second Circuit in concluding that the Convention ... does not prohibit service of process by international mail"); *MPS IP Services Corp. v. Modis Communications, Inc.*, No. 3:06-CV-270-VMC-HTS, 2007 U.S. Dist. LEXIS 15637 (M.D. Fla. March 6, 2007) (Hague Convention, which Canada is a signatory, did not prohibit e-mail service upon Canadian defendants); *Popular Enterprises*, 225 F.R.D. at 562.

        3.    <u>E-mail and Publication Service Are Not Prohibited by International Law.</u>

The law of the People's Republic of China does not appear to prohibit the service of process by e-mail and allows for alternate service means, including publication, in certain circumstances. Ex. 4, ("Civil Procedure Law of the People's Republic of China," available at http://en.chinacourt.org/public/detail.php?id=2694). For example, Article 80 of the law specifically provides that "[i]f direct service of a litigation document proves difficult, [...] it may be served by post [....]." *Id*. Hence, Venus submits that allowing service of process upon Defendants in this case via e-mail would be consistent with and not prohibited by the Civil Procedure Law of the PRC.

**III.**    **<u>CONCLUSION</u>**

Venus respectfully requests this Court grant its motion for an order authorizing service of the Summonses and Complaint, including all subsequent pleadings and discovery in this matter, upon Defendants via e-mail at service@vessos.com, digital.store072010@gmail.com, tongwenping@aukeys.com, and domain@aukeys.com and via publication on the Plaintiff's Internet website appearing www.venuscopyrightenforcement.com/vessos/.

Dated: August 18, 2016

By: /s/ Peter A. Chiabotti
Allan Gabriel
*Admitted Pro Hac Vice*
Dykema Gossett PLLC
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone: 213-457-1800
Facsimile: 213-457-1850
agabriel@dykema.com

Aaron D. Charfoos
*Admitted Pro Hac Vice*
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, IL 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155
acharfoos@dykema.com

David Otero
Akerman LLP
Florida Bar No. 651370
david.otero@akerman.com
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

Peter A. Chiabotti
Florida Bar No. 0602671
peter.chiabotti@akerman.com
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313*Attorneys for Plaintiff Venus Fashion, Inc.*

**Certificate Of Service**

    I hereby certify that on August 18, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and that a true and correct copy of the foregoing was served this August 18, 2016 by transmission of Notices of Electronic Filing generated by CM/ECF or via e-mail to all parties on the attached Service List. I also certify that a true copy of the foregoing was served on August 18, 2016, upon Defendants via electronic mail at the e-mail addresses service@vessos.com, digital.store072010@gmail.com, tongwenping@aukeys.com, and domain@aukeys.com, and by posting copies of the same at www.venuscopyrightenforcement.com/vessos/.

    /s/ Peter A. Chiabotti
    Peter A. Chiabotti

**Service List**

| Attorneys For Plaintiff | Attorneys For Plaintiff |
|---|---|
| Allan Gabriel<br>Dykema Gossett PLLC<br>333 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071<br>Telephone: 213-457-1800<br>Facsimile: 213-457-1850<br>agabriel@dykema.com<br><br>Aaron D. Charfoos<br>Dykema Gossett PLLC<br>10 S. Wacker Drive, Suite 2300<br>Chicago, IL 60606<br>Telephone: (312) 876-1700<br>Facsimile: (312) 876-1155<br>acharfoos@dykema.com | David Otero<br>Florida Bar No. 651370<br>Akerman LLP<br>50 N. Laura Street, Suite 3100<br>Jacksonville, FL 32202<br>Telephone: (904) 798-3700<br>Facsimile: (904) 798-3730<br>david.otero@akerman.com<br><br>Peter A. Chiabotti<br>Florida Bar No. 0602671<br>Akerman LLP<br>777 South Flagler Drive<br>Suite 1100, West Tower<br>West Palm Beach, FL 33401<br>Telephone: (561) 653-5000<br>Facsimile: (561) 659-6313<br>peter.chiabotti@akerman.com |