UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-61752-Dimitrouleas/Snow

VENUS FASHION, INC.,

Plaintiff,

vs.

CHANGCHUN CHENGJI TECHNOLOGY
CO., LTD.
AUKEY INTERNATIONAL LIMITED, and
AUKEY E-BUSINESS CO., LTD.,

Defendants.
_____/

### Order Granting Plaintiff's Application For Entry of Preliminary Injunction

THIS MATTER is before the Court on Plaintiff's Application for Preliminary Injunction filed on July 21, 2016 [DE 5] (the "Application"). The Court has carefully considered Plaintiff's Application and the record and is otherwise fully advised in the premises.

By the instant Application, Plaintiff, Venus Fashion, Inc. ("Venus"), moves pursuant to Federal Rule of Civil Procedure 65 and 15 U.S.C. § 1116 for entry of a preliminary injunction against Defendants for alleged violation of United States copyright laws of 17 U.S.C. §§ 106 and 501.

The Court convened a hearing on September 9, 2016, at which only counsel for Plaintiff was present and available to present evidence supporting the Application [DE 5]. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court will now grant Plaintiff's Application for Preliminary Injunction [DE 5] as to all Defendants.

# I.   __Factual Background__[1]

Venus is a designer and creator of women's clothing and swimwear. Venus creates photographic images of its fashion products (the "Images") to market and promote its products. Venus is the owner and/or exclusive licensee of all rights in and to U.S. Copyright registration numbers TX 0008060111 registered January 8, 2015, TX0008161774, registered February 23, 2016, and TXu 1-987-646, registered April 14, 2016, (the "Venus Copyrights"), which protect numerous original photographs Venus uses to advertise its genuine products.

Defendants, through their fully interactive website at www.vessos.com, are engaged in the fraudulent promotion, advertisement, distribution, sale, and offer for sale of goods by using photographs which infringe upon the Images protected by the Venus Copyrights (the "Infringing Photographs"). These goods tend to be of inferior quality and differ from what the customers believed that they were purchasing based upon Defendants' use of the Infringing Photographs. Defendants do not have, nor have they ever had, the right or authority to use the Images protected by the Venus Copyrights for any purpose. However, despite their known lack of authority to do so, Defendants are promoting and otherwise advertising, distributing, selling, and/or offering for sale at least its goods by misleadingly using the Infringing Photographs ("Defendants' Goods").

Plaintiff has presented specific facts and accompanying evidence, clearly showing that immediate and irreparable injury, loss, or damage will result to the Plaintiff in the absence of a court order.

On July 21, 2016, Plaintiff filed its Complaint [DE 1] against Defendants for copyright infringement. Additionally, on July 22, 2016, Plaintiff filed its *Ex Parte* Application

---

[1] The factual background is taken from Plaintiff's Complaint, Application for Temporary Restraining Order, and supporting evidentiary submissions.

2

for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [DE 5]. On July 26, 2016, this Court entered a sealed Order granting the *Ex Parte* Application for Entry of Temporary Restraining Order and setting a hearing on August 12, 2016.  As no parties appeared, this Court entered an August 12, 2016 Amended Order granting *Ex Parte* Application for Entry of Temporary Restraining Order ("TRO")[DE 14], setting a hearing on September 9, 2016 and temporarily restraining Defendants from infringing Venus's copyrighted Images.  Pursuant to the Court's August 18, 2016 Order Authorizing Alternate Service Of Process On Defendants, Plaintiff properly served Defendants with a copy of the Complaint, and all filings in this matter, and the Court's August 12, 2016 TRO [*see* DE 20 & 21]. On September 9, 2016, the Court conducted a hearing on Plaintiff's Application, at which only counsel for Plaintiff was in attendance.

## II.      Legal Standard

In order to obtain a preliminary injunctive relief, Plaintiff must establish that: (1) there is a likelihood that Plaintiff will succeed on the merits at the trial of this action; (2) Plaintiff will suffer irreparable injury if Defendants are not enjoined; (3) the injury to Plaintiff outweighs the threatened harm an injunction would cause to Defendants; and (4) the injunction would not disserve the public interest. *See Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.,* 51 F.3d 982, 985 (11th Cir. 1995) (affirming entry of preliminary injunction and freezing of assets); *see also E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imps., Inc.,* 756 F.2d 1525, 1530 (11th Cir. 1985).

## III.      Conclusions Of Law

Plaintiff's Complaint, Plaintiff's Application, and accompanying declarations submitted by Plaintiff in support of Plaintiff's Application support the following conclusions of law:

1.      Plaintiff has a strong probability of proving at trial that Plaintiff owns valid copyrights in the Images; and Defendants directly infringe the Venus Copyrights by copying the Images and/or making derivative works of the Images and then displaying and distributing the same on the www.vessos.com website.

2.      Because of the infringement of the Venus Copyrights, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted.  The following specific facts, as set forth in Plaintiff's Complaint, Application for Preliminary Injunction and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely true than not that:

A.      Defendants will continue the uncontrolled display and distribution of the Infringing Photographs on the website owned and/or controlled by Defendants and diminish Plaintiff's ability to control and enforce its copyrights;

B.      consumers are likely to be injured, misled, confused, and disappointed by the quality of the products associated with the Infringing Photographs;

C.      Plaintiff will likely suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates;

D.      the value of Plaintiff's copyrights will diminish; and

E.      customers will suffer injury.

3.      The balance of potential harm to Defendants in restraining use of the Infringing Photographs if the preliminary injunction is entered is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a designer and creator of quality women's fashion and swimwear products, if such relief is not issued.  *C.B. Fleet Co., Inc. v. Unico Holdings, Inc.*, 510 F. Supp. 2d 1078, 1083 (S.D. Fla. 2007) (*quoting CBS, Inc. v. Primetime 24 Joint Venture*, 9

F. Supp. 2d 1333, 1345 (S.D. Fla. 1998) (observing that "a company cannot build a business on [copyright] infringements and then argue that enforcing the law will cripple that business.").

4.      The public interest favors entry of the preliminary injunction to protect the Venus Copyrights and protect the public from being defrauded and misled by the use of Infringing Photographs.  *See CBS Broad., Inc. v. EchoStar Comm'ns Corp.*, 265 F.3d 1193, 1198 (11th Cir. 2001) (preliminary injunction on copyright claim serves the "public interest because the public interest lies with protecting the rights of copyright owners"); *C.B. Fleet Co.*, 510 F. Supp. 2d at 1084 ("The public interest can only be served by upholding copyright protection and preventing the misappropriation of protected works."); *Nailtiques Cosmetic Corp. v. Salon Scis., Corp.*, 1997 WL 244746, at *5 (S.D. Fla. Jan. 10, 1997) (consuming public has an interest in not being misled or deceived by infringing products).

5.      Section 502 of the Copyright Act provides specific authority to order injunctive relief under. 17 U.S.C. § 502 (1976).  Specifically, Section 5012 empowers the Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."

6.      Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

7.      In light of the likelihood that Defendants have violated federal copyright laws and the expansion of those violations after Plaintiff contacted Defendants, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of Plaintiff's Complaint, Application for Preliminary Injunction, and supporting evidentiary submissions, it is hereby

ORDERED that Plaintiff's Application for Preliminary Injunction [DE 5] is **GRANTED**, according to the terms set forth below:

(1)    Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court from any use of Venus's copyrighted Images and any derivative works thereof.

(2)    Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Venus's copyrighted Images and any derivative works thereof, on or in connection with all Internet based e-commerce store website businesses owned and operated, or controlled by them.

(3)    Each Defendant is enjoined from transferring the www.vessos.com domain name to other parties.

(4)    Defendants and the domain name registrar, GoDaddy.com, shall set the vessos.com website to automatically redirect to a website created by Venus appearing at the Uniform Resource Locator ("URL") http://Venuscopyrightenforcement.com/Vessos/, whereon a copy of all subsequent pleadings, documents, and orders issued in this action will be displayed by Plaintiff.

(5)    Defendants and the operators of Defendants' accounts are enjoined from moving or transferring Defendants' assets. The operators of Defendants' accounts shall freeze Defendants' accounts until further Order of this Court.  No funds restrained by this Order shall

be transferred or surrendered by financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of the Court;

(6)     Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(7)     Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(8)     This Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties; and

(9)     Counsel for Plaintiff shall serve a copy of this Order on all Defendants.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of September, 2016.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record